GONZALES v. MR. AND MRS. J. W. ALLEN

---

(February 27, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Negligence—Par. 11; Automobiles—Par. 7.**

Whenever the public interest requires the temporary interruption of normal facilities for pedestrian traffic by barricading the sidewalk on one side of the street in front of a large hotel then under construction, it is unreasonable to expect the walking public to cross to the other side of the street, and permit the riding public to enjoy normal facilities and exclusive use of the roadway. Under such circumstances it is not negligent for foot passengers to use a part of the roadway to pass the barricaded section of the sidewalk.

Appeal from Civil District Court. Hon. Hugh C. Cage, Judge.

Action by Bertha Gonzales against Mr. and Mrs. J. W. Allen.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

George Piazza, of New Orleans, attorney for plaintiff, appellee.

Milner & Porteous, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a young negress for damage for personal injuries resulting from an accident in which she was knocked down by an automobile driven by defendant.

From a judgment against her in the sum of $690.00 defendant appeals.

The accident happened in Baronne street in front of the Roosevelt Hotel, which was then under construction. The sidewalk in front of the hotel was barricaded and piles of sand, gravel, brick and lumber in the street. Plaintiff was walking down Baronne street toward Canal in company with two other colored women. When they reached the hotel they entered the street and continued on their way walking in the street. When abreast of the entrance of the hotel, plaintiff was struck by defendant's automobile, which was moving in the opposite direction.

There seems to be no serious denial of defendant's negligence. In any event, we are convinced of her fault. The contention is that plaintiff was guilty of contributory negligence. In other words, it is argued, that she should not have walked in the street and should have crossed to the other side.

To require pedestrians to cross the street under the circumstances of this case appears to us as unreasonable.

Whenever the public interest demands the temporary interruption of the normal facilities for pedestrian traffic in a locality, such as is involved here, where there is much congestion in foot and vehicular movement, we see no reason why those who walk should suffer all the incidental inconvenience, and those who ride none. We would not wittingly contribute to the further embarrassment of the pedestrian for he has, indeed, fallen upon evil days. Shorn of all prerogatives, he follows his ancient and honorable course through the streets of our great cities, tolerated but not respected, his every step fraught with imminent danger of death and disaster by external violent and accidental means. His precarious breath impregnated with noxious gases calculated to inflame his mucous membrane, he trods his weary asphyxiated way, escaping, as best he may, the steam and electric juggernauts of the rail, with a sporting chance, as long as the hot blood of youth courses through his veins, of avoiding the more threatening fire-breathing gasoline monster. But, when love's young dream is over, when the agile step of youth begins to falter, he can not reasonably hope to avoid violent, if not fatal, contact with that greatest of all modern facilities, most dangerous and death-dealing instrument, the automobile.

Our conclusions are that defendant is liable.

Plaintiff's injuries are described by her physician as "general contusions of the body, echymotic arears on the right arm and left side, brush burns on the right and left elbows, a lacerated wound over the left ankle, with secondary infection and a sprain injury to the left ankle". Quite a catalogue of ills, according to this way of putting it, but, with due respect to our medical friends, the plaintiff seems to us to have suffered a sprained ankle, some scratches and bruises. However, we are satisfied that she lost some weeks of earnings, which we appraise, together with her expenses for medicine and doctor, at $99.00, as found by the court, a qua. The additional sum of six hundred dollars allowed her under the judgment appealed from we regard as too high and we will reduce it to $400.00.

It is therefore ordered that the judgment appealed from be reduced from $699.00 to $499.00, and, as thus amended, affirmed.